SHEA v. CORNISH et al.

(Supreme Court, Special Term, New York County.   December, 1892.)

1. REFERENCE—SECOND REPORT—NEW FINDINGS.
    Where the report of a referee on a claim against an estate was set aside on the ground that it did not "contain the facts found by the referee at the request of plaintiff," and was sent back "to have him incorporate in his decision all the facts found by him." a second report, containing new findings, which he had not found at request of plaintiff, must be set aside.

2. SAME—NEW REFERENCE—WHEN DENIED.
    Such case will not be sent to a new referee, but the report will be sent back to the same referee, with instructions to strike out the new findings and insert the findings made at plaintiff's request before the original report was made.

At chambers.   Claim by Thomas J. Shea against Charles E. Cornish and Lewis M. Cornish, as executors of the estate of Charles L. Cornish, deceased.   Defendants moved to confirm the report of a referee, and plaintiff moved to set aside the report, and to refer the case to a new referee.   Motion to confirm overruled, and motion to set aside granted, and report sent to the same referee for amendment.

William King Hall, for plaintiff.
William H. Nafis, opposed.

ANDREWS, J.    After a careful examination of all the papers submitted upon these motions, and also of the papers filed when similar motions were before the court in October last, and after conferring with Mr. Justice Patterson, I am of the opinion that the referee misapprehended the scope and meaning of the order entered herein on October 7, 1892, which directed that his report be referred back to him for a further report, and that he incorporate in such amended decision and report all the facts found by him.    This matter came before the court in October upon two motions, which were substantially the same as those which are now before me.    The defendants had served a notice of motion for an order confirming the referee's report, and directing judgment in favor of the defendants, and for an extra allowance.    The plaintiff had served a notice of motion to set aside the report of the referee, upon the ground (among others) that the report did not contain the facts found by said referee at the request of the plaintiff; and the brief used by plaintiff's counsel upon those motions contains the following statement:    "The said report does not contain the facts found by the referee at the request of plaintiff, and filed on said date," (September 14, 1892.)    The memorandum filed by Mr. Justice Patterson, who heard those motions, was as follows:    "The report of the referee must be sent back, to have him incorporate in his decision all the facts found by him. Furber v. McCarthy, (Sup.) 4 N. Y. Supp. 274.    When that is done, the motion to confirm may be renewed."    It is entirely clear that all that the referee was authorized to do by the said order of October 7, 1892, was to insert in his report the findings which he had made at the request of the plaintiff before that order was entered, and which had been omitted from his report.    He has gone further than this, and has made new findings, which were not in his former report, and which he had not found at the request of the plaintiff.

The plaintiff's attorney claims that he had no notice of a further hearing before the referee, and was not, in fact, heard, and that it was understood between himself and the defendant's attorney that no new findings would be asked for or made.    It is, however, immaterial whether this claim is or is not well founded.    The said order of October 7th did not authorize the referee to make any new findings, but, as above stated, merely to incorporate in his report the findings which, prior to the making of that report, he had made at the request of the plaintiff's attorney, and which had been omitted from his first report.    I see no reason why the parties should be subjected to the expense and labor of a new trial before another referee.    I think the proper course is to enter an order referring the report back to the same referee, with instructions to strike out the new findings inserted in it after it was originally made, and with instructions to include in it the findings made at the request of the plaintiff's attorney before the original report was made.    After such amendment of the report the matter can then be brought on again for a hearing, and the rights of the plaintiff

can, and undoubtedly will, be as well protected by the court as though the case were sent to another referee for a new trial. The order will be settled on notice.